Timothy J. Buchanan, # 100409
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, California 93720-1501
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Frank R. Siderius, WSBA #7759
(*Pro Hac Vice Application Pending)*
Siderius Lonergan & Martin LLP
500 Union Street, Suite 847
Seattle, Washington 98101
Telephone: (206) 624-2800
Facsimile: (206) 624-2805

Attorneys for Plaintiff
INTERPLEXUS CORPORATION

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

INTERPLEXUS CORPORATION, a Washington state corporation,

Plaintiff,

vs.

T.E. NEESBY, INC., a California corporation; BRIAN WHITE and SHERYL WHITE, husband and wife,

Defendants.

Case No.

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING AND MISAPPROPRIATION OF TRADE SECRET**

Plaintiff, Interplexus Corporation (hereinafter "Plaintiff" or "Interplexus"), by and through undersigned counsel, for its complaint against Defendant T.E. Neesby, Inc. (hereinafter "Neesby") and Brian White and Sheryl White, husband and wife (hereinafter "White"), alleges and states as follows:

## I. INTRODUCTION

1. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq*.; 15 U.S.C. § 1114(a); unfair competition, passing off, false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); dilution of a famous mark under the Lanham Act, 15 U.S.C. § 1125(c); and misappropriation of trade secrets in violation of the Uniform Trade Secrets Act, California Civil Code Section 3426, *et seq.*, arising from Defendants' unauthorized use of Plaintiff's registered trademark, Seriphos®, and the proprietary formulation comprising Seriphos®.

## II. PARTIES

2. Plaintiff Interplexus is a corporation organized and existing under the laws of the State of Washington. It does business under the name and style Interplexus Corporation or Interplexus, Inc., a registered trademark. Its principal place of business is 6613 S. 192nd Place, Ste K-103, Kent, Washington 98032. Interplexus is a premier purveyor of high quality vitamins, minerals, enzymes, ayurvedic herbs and essential fatty acids, wholesale only. The company was established in 1989 and provides products to the wholesale market with a worldwide customer base. High quality nutritional supplements are provided to physicians, pharmacists and health food retail establishments. All products use the highest quality ingredients and Interplexus is committed to bringing the latest research to its products.

3. Defendant Neesby is a California corporation with its principal place of business located at 9909 N. Meridian Avenue, Fresno, California 93720. Upon information and belief, Defendant is primarily a manufacturer of vitamins, nutrients, and hematinic preparations for human use.

4. Defendants White are husband and wife, constituting a marital community under the laws of the State of California. All acts alleged herein were done for and on behalf of said



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

marital community. Said defendants are, on information and belief, owners, shareholders, directors and officers of Neesby.

## III. JURISDICTION AND VENUE

5. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). Personal jurisdiction in this district is proper inasmuch as Defendant, Neesby, maintains its principal place of business at Fresno, California. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## IV. FACTS

6. Seriphos® is a trademark registered with the United States Patent & Trademark Office, Registration No. 2740222, Serial No. 76/455597. This trademark has been used in commerce inside and outside the United States since 1994.

7. The product Seriphos® consists of a proprietary blend of Phosphorylated Serine/Ethanolamine owned and distributed by Plaintiff. It is a dietary supplement primarily used for adaptogen and adrenal support.

8. At the instance and request of Plaintiff, Defendant agreed to manufacture the proprietary blend comprising Seriphos® for distribution and sale by Plaintiff. Defendants have acknowledged that the formulation of Seriphos® consisting of particular levels of calcium, magnesium, Phosphorylated Serine and Phosphorylated Ethanolamine is a proprietary formulation owned by Plaintiff.

9. The name and mark Seriphos® has been extensively and continually advertised and promoted by Plaintiff within the United States and worldwide since 1994. Substantial amounts of time, effort and money have been expended over those years in insuring that the general public associates such mark exclusively with Plaintiff and its products.

10. Plaintiff has been vigilant in protecting its interests in the mark Seriphos® and, until recently, was not aware of misuse of the Seriphos® mark by unauthorized third parties. The Seriphos® product label clearly identifies Plaintiff as distributor of the product and clearly indicates that Seriphos® is the registered trademark of the product. The Seriphos® mark has acquired an extraordinary degree of consumer recognition in the minds of the relevant public that



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

purchases the product. Through widespread and favorable public acceptance and recognition, the Seriphos® mark enjoys tremendous goodwill and has become an asset of incalculable value to Plaintiff.

11. Defendants, without the consent or knowledge of Plaintiff, reproduced, copied or by colorable imitation, offered and sold a product labeled "Seriphos" in such a manner as to cause confusion or mistake or deception as to the source or origin of such product. Defendant Neesby misappropriated the trademark Seriphos® for its own use and benefit by affixing the name "Seriphos" to a product believed to be substantially similar to the product distributed exclusively by Plaintiff under the registered trademark Seriphos®. Defendant Neesby distributed its product named "Seriphos" in the wholesale and retail marketplace for its own benefit and profit.

12. Defendant Neesby and its ownership and management were well aware of the value of intellectual property rights and usurped the name Seriphos® in marketing, advertisements and promotional materials disseminated to the public Defendants' use in commerce of the Seriphos® mark has caused confusion, mistake, and has deceived members of the public into believing that Defendant is the owner or authorized user of the mark. If Defendants' actions are not enjoined, the public could be led to understand that the Seriphos® mark refers to a genus of goods thereby rendering the Seriphos mark generic and destroying its value to plaintiff.

13. On or around April 16, 2009 Neesby's principal shareholder and manager, defendant Brian White, contacted Plaintiff regarding potential bulk sale of Seriphos® directly by Defendant Neesby to other entities. The president of Plaintiff promptly responded in writing that the mark Seriphos® was important to Plaintiff and Plaintiff did not wish the sale of Seriphos® in any form to anyone other than customers of Plaintiff. Additionally, Plaintiff made clear that it did not wish to share its proprietary formulation.

14. Even after receiving the aforementioned communication from Plaintiff, Defendants proceeded to package, label and market for sale a product denominated "Seriphos" with the intent of competing with Plaintiff, and through discounted pricing and other means, acquire a portion of the Seriphos® market from Plaintiff.



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

15. Defendants' willful actions have occurred in Interstate commerce by deceiving or confusing the public by wholesale distribution throughout the nation and internationally and by internet sales of the product. Defendants' willful actions constitute a false designation of the product by passing it off as being associated with Seriphos® distributed exclusively by Plaintiff. Further, Defendants' willful actions could cause the Seriphos® mark to become generic in the eyes of the general public.

16. Defendants White willfully and intentionally used the Neesby corporation to participate in trademark infringement and other causes of action alleged herein. Defendants participated in or personally directed the illegal actions of defendant Neesby.

## V. FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT

17. Plaintiff realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 14 above of the Complaint.

18. Defendants' aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

19. Plaintiff's federal registration for the mark Seriphos® is conclusive evidence of Plaintiff's exclusive right to use of this mark pursuant to the Lanham Act, 15 U.S.C. § 1115. The registration is incontestable, which provides conclusive evidence as to its validity, Plaintiff's ownership of the mark and Plaintiff's exclusive right to use the mark in commerce in connection with sale of the product specified in the Certificate of Registration under 15 U.S.C. § 1115(b).

20. Defendants' wrongful use of the Seriphos® mark and misappropriation of the product identification is likely to cause confusion to the public and destroy the identifying function of the Seriphos® mark. Defendants' actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

21. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profit and strength of its trademark. The injury to Plaintiff is, and continues to be, ongoing and irreparable. An award of



MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

monetary damages along cannot fully compensate Plaintiff for its injury and Plaintiff lacks an adequate remedy of law.

22. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 USC § 1117.

23. Plaintiff is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

## VI. SECOND CAUSE OF ACTION
## UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF AND FALSE ADVERTISING

24. Plaintiff realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 21 of the Complaint.

25. The Seriphos® mark, as used by Defendant in connection with providing a product in the marketplace, is a distinctive mark and has become associated with Plaintiff and thus exclusively identified Plaintiff's business and products.

26. Defendants' wrongful use of the Seriphos® mark and its appropriation of said mark has caused consumers and others to believe that the Seriphos® product originates for distribution with Defendant in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause consumers and others to believe that the Seriphos® mark is generic, thus destroying the goodwill and value Plaintiff has built with the Seriphos® mark.

27. The foregoing acts and conducts by Defendants constitute false designation of origin, passing off, and false advertising in connection with a product distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. Defendants' acts, as set forth above, have caused irreparable injury to Plaintiff's goodwill and reputation. The injury to Plaintiff is, and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

29. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

**VII. THIRD CAUSE OF ACTION**
**DILUTION OF FAMOUS MARK**

30. Plaintiff realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 27 of the Complaint.

31. The Seriphos® mark is a famous trademark within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c). Plaintiff lacks control over the use of its Seriphos® mark by Defendant and Defendants' misappropriation has and will continue to dilute the distinctive qualities of the Seriphos® mark.

32. Defendants' willful and wrongful conduct constitutes an extreme threat to the distinctiveness of the Seriphos® mark that plaintiff has expended great efforts to develop and maintain through its strict control over the mark. The distinctive nature of the Seriphos® mark is of enormous value and Plaintiff is suffering and will continue to suffer irreparable harm and blurring of the Seriphos® mark if Defendants' wrongful conduct is allowed to continue.

33. Plaintiff is entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorney's fees.

**VIII. FOURTH CAUSE OF ACTION**
**MISAPPROPRIATION OF TRADE SECRETS**

34. Plaintiff realleges and incorporates by reference herein the allegations contained in Paragraphs 1 through 31 of the Complaint.

35. The formulation of Seriphos® is a trade secret in that it derives independent value from not being generally known to the public and is the subject of efforts to maintain its secrecy.

36. Defendants have violated the Uniform Trade Secrets Act as enacted in both California and Washington by misappropriation of the trade secret for their own use and benefit.



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

37. Plaintiff is entitled to a permanent injunction against defendant prohibiting use of the trade secret formula as well as other remedies available under the Uniform Trade Secrets Act including damages for actual loss caused by misappropriation, unjust enrichment caused by misappropriation and exemplary damages and an award of reasonable attorney's fees based upon the willful and malicious misappropriation by Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Defendants Neesby and White and all officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants, who will receive actual notice of the court's order by personal service or otherwise, be permanently enjoined from: (a) using the Seriphos® mark or any variation of the word Seriphos® specifically including, but not limited to any term that includes "Seriphos" or a misspelling of Seriphos in connection with the promotion, marketing, advertising or sale of a product; (b) diluting, blurring, passing off or falsely designating the origin of the Seriphos® mark, and from injuring Plaintiff's goodwill and reputation; (c) doing any other act or thing likely to induce the belief that Defendants' products are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiff; and (d) using the Seriphos® mark for products, or on the internet, or as domain names, email addresses, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the affiliation of Defendants with Plaintiff.

2. That Plaintiff recover its actual damages sustained as a result of Defendants' wrongful actions.

3. That Plaintiff recover Defendants' profits made as a result of Defendants' wrongful action.

4. That Plaintiff recover three times Defendants' profits made as a result of Defendants' wrongful actions or three times Defendants' damages, whichever is greater.

5. That Plaintiff be awarded exemplary damages for Defendants' willful and intentional acts.

6. That Plaintiff recover its court costs and reasonable attorney's fees.



McCormick, Barstow, Sheppard, Wayte & Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

7. That the court order such further and additional relief as deemed just and equitable under the circumstances.

Dated: April 12, 2011

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: [signature]
Timothy J. Buchanan

Attorneys for Plaintiff
INTERPLEXUS CORPORATION

42426/00000-1714178.v1



MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501