**Curtis D. Rindlisbacher #142929**
**Robert W. Branch #154963**
**PERKINS, MANN & EVERETT**
**A Professional Corporation**
**7815 North Palm Avenue, Suite 200**
**Fresno, California  93711**
**Telephone (559) 447-5700**
**Facsimile (559) 447-5600**

Attorneys for:  Defendants T.E. NESSBY, INC., a California corporation, BRIAN WHITE, an individual, and SHERYL WHITE, an individual

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| INTERPLEXUS CORPORATION, a Washington state corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>T.E. NEESBY, INC., a California corporation, BRIAN WHITE, an individual, and SHERYL WHITE, an individual,<br><br>               Defendants. | Case No.:  1:11-cv-00597-AWI-BAM<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON** |
| AND RELATED CROSS-COMPLAINT. | |

IT IS STIPULATED AND AGREED by and between Plaintiff and Counterdefendant INTERPLEXUS CORPORATION and Counterdefendants ELIAS F. ILYIA and MAROUN E. EL-KHOURY (collectively "**Plaintiffs**"), on the one hand, and Defendants and Counterclaimants T.E. NEESBY, INC., BRIAN WHITE and SHERYL WHITE (collectively "**Defendants**"), on the other hand, that:

1.      This Stipulation and Order shall govern the procedure for obtaining production of trade secret information from Defendants in the form of product composition and method of manufacture, and the handling of confidential documents, depositions, deposition exhibits, deposition transcripts, responses to interrogatories, responses to requests to produce, responses to requests to admit, and other written, recorded or graphic matter ("**Discovery Material**")

PERKINS, MANN & EVERETT, APC

1

{00074168.DOC;1}

_____
Stipulation for Protective Order and Order Thereon

1  produced or obtained from any party (the "**Producing Party**") during the proceedings in this action.

2. No discovery shall commence as it relates to the formula for, composition of, or the method of manufacturing, the product as sold by Defendants to Plaintiffs and marketed under the name "Seriphos" and which is the subject of this action ("**Subject Product**"), until Plaintiffs identify the Subject Product with reasonable particularity in accordance with the provisions of California Code of Civil Procedure section 2019.210, the terms of which are expressly incorporated herein by this reference.

3. With respect to Discovery Material other than depositions and deposition transcripts, any party producing Discovery Material in this action which contains or discloses tax returns, trade secrets, unpublished financial data, technological developments, product formulas or compositions, pricing or cost information, production of sales forecasts or strategy, documents identifying customers or data concerning process and charges for services not publicly disseminated, or other information of a non-public nature considered by a party to be private, commercially sensitive and/or proprietary, may designate such Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only" which shall be so designated by appropriate notice to the parties or by marking the documents as such. In the event that any such material previously produced in discovery in this action is so designated by a party after this Stipulation is signed, the party shall promptly notify the other parties of such designation in writing, specifying the materials so designated. The parties contemplate that the designation "Confidential – Attorneys Eyes Only" shall only be used on material and as to information which, if otherwise discoverable, has not been made public and which concerns or relates to, by way of example, financial data, current and future business plans, future marketing plans, product profit data and projections, product development plans, expenditures and projections, source and object computer software code, pricing information, trade secrets, production, type and volume of sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses or expenditures of any persons, firm, partnership, corporation or other organization or the organization from which the information

1  was obtained, technical information such as processes, operations, type of work or apparatus, and other highly confidential technical or commercial information that if disclosed to a business competitor would in the good faith view of the disclosing party tend to prejudice the party's competitive position.

4. With respect to depositions and deposition transcripts, the Producing Party may, on the record of a deposition or by written notice to counsel for all parties no later than 72 hours after receipt of a deposition transcript, designate portions thereof as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Stipulation and Order. During the 72-hour period, all transcripts and the information contained therein will be deemed to be "Confidential – Attorneys' Eyes Only" in their entirety under the terms of this Stipulation and Order. In the event that no designation of "Confidential" or "Confidential – Attorneys' Eyes Only" is made within the 72 hour period, this Stipulation and Order shall not apply to the deposition transcript. Only those portions of a transcript of a deposition marked "Confidential" or "Confidential – Attorneys' Eyes Only" shall be so treated, except that all copies of deposition transcripts that contain confidential matter shall be prominently marked "Confidential" or "Confidential – Attorneys' Eyes Only" on the cover thereof. If any party seeks to file with the clerk the transcript or any part that is designated Confidential or Confidential – Attorneys' Eyes Only, or to make reference to it in papers it proposes to file with the Court, that party shall first file a Notice of Request to Seal and Request to Seal pursuant to Local Rule 141, and the application shall proceed in full compliance with that Local Rule. In requesting such sealing order, the party filing the transcript shall notify the Court whether the transcript has been designated as Confidential or Confidential – Attorneys' Eyes Only under the terms of this protective order. If the Notice of Request to Seal submitted in accordance with Local Rule 141 is denied, the parties shall meet and confer with regard to whether the transcript will be filed in any event or whether there is an alternative means of proof available which is either not confidential or which the Court will permit to be filed under seal.

///

5. Any Discovery Material designated as "Confidential" ("Confidential Discovery Material") shall be used only for the prosecution and/or defense of this action, and under no circumstances other than those specifically provided for in this or subsequent court orders shall be disclosed to persons other than the following:

   a. Outside or inside counsel that have appeared in this action or are actively engaged in the preparation of this action, and regular and temporary employees of such counsel assisting in the conduct of this action, including employees of any firm retained to reproduce the Confidential Discovery Material for use in accordance with this Stipulation and Order;

   b. Experts or consultants assisting counsel in this litigation;

   c. Parties or employees of any party to this action who are required to assist counsel in the conduct of this action;

   d. Directors, officers, and employees of parties who are noticed for depositions or designated as trial witnesses and their counsel, or who are identified on the face of Confidential Discovery Material as an author, addressee, subject or recipient of the Confidential Discovery Material;

   e. Deponents and their counsel during the course of depositions taken in this action, but only for purposes relating to this litigation;

   f. The court, pursuant to paragraph 10 of this Stipulation; and

   g. Other persons only upon order of the court, or upon written stipulation of and signed by the party that produced the Confidential Discovery Material.

6. Any Discovery Material which a party believes should not be disclosed to an owner, director, officer, employee or non-litigation consultant of the other party, including in-house counsel, may be designated by that party as "Confidential – Attorneys Eyes Only" at the time and in the manner specified herein for designating information as "Confidential." Any Discovery Material designated as "Confidential – Attorneys Eyes Only" may be disclosed only to the following persons:

   a. Outside counsel that has appeared in this action or are actively engaged in the preparation of this action on behalf of any party and regular and temporary employees of

such outside counsel assisting in the conduct of this action, including employees of any firm retained to reproduce the Discovery Material designated as "Confidential – Attorneys' Eyes Only" for use in accordance with this Stipulation and Order, but there shall not be disclosure to inside counsel, including, but not limited to, any member of the office of general counsel of any party or other in-house counsel, or any staff for inside counsel even if such staff is assisting outside counsel;

   b. Expressly retained experts or consultants, except for those who are owners, directors, officers, or employees of any party or non-litigation consultants of any party, who are assisting outside counsel in this litigation;

   c. The court, pursuant to paragraph 10 of this Stipulation; and

   d. Other persons only upon order of the court, or upon written stipulation of and signed by the party that produced the Discovery Material designated as "Confidential – Attorneys' Eyes Only."

  7. Confidential Discovery Material, except Confidential Discovery Material designated as "Confidential – Attorneys' Eyes Only," may be disclosed pursuant to paragraphs 5.b., 5.c., 5.d., 5.e. and 5.g. upon the condition that said material shall be used by any such person only for the purposes of this action and for no other purpose, and shall not be used by such person in any business affairs of his/her employer or in his/her own affairs or be imparted by him/her to any other person or entity or agency for any reason. Before disclosure is made to any such person, other than counsel and persons within paragraph 5.e, such person shall sign a statement stating that he/she has read a copy of this Stipulation and Order and agrees to be bound by its provisions.

  8. Discovery Material designated as "Confidential – Attorneys' Eyes Only," may be disclosed pursuant to paragraphs 6.b. and 6.d. upon the condition that said material shall be used by any such person only for the purposes of this action and for no other purpose, and shall not be used by such person in any business affairs of his/her employer or in his/her own affairs or be imparted by him/her to any other person or entity or agency for any reason. Before

1  disclosure is made to any such person, such person shall sign a statement stating that he/she has
2  read a copy of this Stipulation and Order and agrees to be bound by its provisions.

3      9.    Whenever any Discovery Material designated as either "Confidential" or
4  "Confidential – Attorneys' Eyes Only" is introduced, or elicited at a deposition, pretrial hearing
5  or other pretrial proceeding, such portions of the proceedings which concern said material shall
6  be conducted so that only those persons authorized hereunder to have access to such matter
7  shall be present. Prior to introducing or eliciting Discovery Material that is designated as either
8  "Confidential" or "Confidential – Attorneys' Eyes Only" at the trial of this action, the party
9  seeking to introduce or elicit such material obtained from the other party shall notify the court
10 and the counsel of the other party of its intent to introduce or elicit such matter, specifying with
11 particularity such matter, and the court shall determine whether the portions of the trial which
12 concern the matter so specified shall be conducted so that only those persons authorized
13 hereunder to have access to such matter shall be present.

14     10.    In the event that counsel for any party determines to file in or submit to this
15 court any Discovery Material either designated as "Confidential" or "Confidential – Attorneys'
16 Eyes Only" or information derived therefrom, or any papers containing or making reference to
17 such material or information, said counsel shall first obtain a sealing order in accordance with
18 the provisions of Local Rule 141 and such documents shall be filed under seal and kept by the
19 Court in accordance with the provisions of Local Rule 141, subparts e and f. In obtaining such
20 sealing order, the party filing the document shall notify the Court whether the documents to be
21 filed under seal have been designated as Confidential or Confidential Attorneys Eyes Only
22 pursuant to the terms of this protective order. If the Notice of Request to Seal submitted in
23 accordance with Local Rule 141 is denied, the parties shall meet and confer with regard to
24 whether the transcript will be filed in any event or whether there is an alternative means of
25 proof available which is either not confidential or which the Court will permit to be filed under
26 seal.
27 ///
28 ///

11. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Stipulation and Order shall not:

    a. Operate as an admission by any party that any particular Discovery Material contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

    b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

    c. Prejudice in any way the rights of a party to seek a court determination: (i) whether particular Discovery Materials should be produced; or (ii) if produced, whether such materials should be confidential; or,

    d. Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

12. This Stipulation and Order has no effect upon, and its scope shall not extend to, any party's use of its own confidential information.

13. Upon conclusion of this litigation, all Discovery Materials designated as either "Confidential" or "Confidential – Attorneys' Eyes Only" supplied by the parties and all copies thereof shall be returned to the Producing Party or shall be destroyed, at the election of the Producing Party.

**STIPULATED AND AGREED TO:**

Dated: May 29, 2012     PERKINS, MANN & EVERETT, APC

By: /s/ Robert W. Branch_____
Robert W. Branch, attorneys for Defendants and Counterclaimants T.E. NEESBY, INC., BRIAN WHITE and SHERYL WHITE

Dated: May 29, 2012     McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Timothy J. Buchanan_____
Timothy J. Buchanan, attorneys for Plaintiff and Counterdefendant INTERPLEXUS CORPORATION and Counterdefendants ELIAS F. ILYIA and MAROUN E. EL-KHOURY

# ORDER

Based on the Stipulation of all parties hereto and good cause appearing:

IT IS HEREBY ORDERED that the disclosure of all information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be disclosed and used in strict accordance with the Stipulation of the parties hereto.

IT IS SO ORDERED.

Dated: **May 30, 2012**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE